### E. S. Hickman, Appellant, v. Grover Thacker, Appellee.

Highways—*liability of highway commissioner for injuries due to insecurity of bridge where he is without funds to repair it.* A highway commissioner who in good faith and to the best of his ability has employed the means at his command to keep a bridge under his jurisdiction in good condition cannot be held liable for injuries caused by the insecurity thereof, where it is neither alleged nor shown that he had funds with which to make repairs, even if he knew that it was in need of repair.

Appeal by plaintiff from the Circuit Court of Fayette county; the Hon. William B. Wright, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

F. M. Guinn, for appellant.

Arthur Roe, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is an action brought by appellant, E. S. Hickman, in the circuit court of Fayette county, to recover damages alleged to have been sustained by the falling in of a bridge in Bear Grove township in that county on the 28th day of July, 1924, while appellant

was driving over it with a truck. Appellant and his family were at the time on a camping trip. The suit was originally brought against Grover Thacker, appellee, the highway commissioner of that township since April, 1924, Roy Atwood, his predecessor, and J. V. Waddell, county superintendent of highways. At the close of appellant's evidence the suit was dismissed as to Roy Atwood and J. V. Waddell. On motion by appellee Grover Thacker, the court peremptorily instructed the jury to find for appellee. This appeal was perfected from the judgment entered on the verdict returned pursuant to that instruction.

In our view of the case it is not necessary to discuss the evidence in detail. While it tends to show that the bridge was not in a good condition of repair, and also that this fact had been brought to attention of appellee and his predecessor, yet there is no evidence whatever that either appellee or his predecessor had sufficient funds with which to make repairs. Neither is there any allegation in the declaration that appellee or his predecessor, Atwood, had sufficient funds or any funds, to make such repairs. If the declaration alleged and the evidence established that appellee had under his control the necessary funds to make the needed repairs or could have procured such funds by using the official means at his command, and that he under such circumstances knowing of the needed repairs negligently failed to make them, and by reason of such condition of the bridge and negligence on the part of appellee by failing to do the same, appellant suffered the injuries alleged, a different question would be presented.

The clear weight of authority applicable to this case is that a highway commissioner who in good faith and to the best of his ability has expended the means at his command cannot be held liable for the injuries caused by the insecurity of a bridge, which he did not have the funds to repair, even though he

knew the bridge was not in a good condition of repair. *Nagle v. Wakey,* 161 Ill. 387; *Pearl v. King,* 179 Ill. App. 562.

In our opinion in the absence of any allegation in the declaration, or evidence, that appellee had the necessary means at his command to make the needed repairs or could have procured the same, appellant did not show any right of action and it was not error for the trial court to give the peremptory instruction in favor of appellee.

*Judgment affirmed.*